# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

ROBERT PRATT                                                                 PLAINTIFF

V.                                                                  CASE NO. 2:11-CV-00144

CHRISTOPHER B. EPPS, et al.                                    DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for case management purposes and for the Plaintiff's failure to comply with certain court orders. Plaintiff Robert Platt, proceeding *pro se* and *in forma pauperis*, filed his 42 U.S.C. § 1983 complaint in this Court on July 18, 2011. Based on the record and applicable law, the undersigned recommends that this case be dismissed without prejudice for failure to prosecute.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The district court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing the trial courts' discretionary authority under Rule 41(b)).

### DISCUSSION

On May 11, 2012, an omnibus hearing was held in this case, at which time the Plaintiff

advised the Court that he was in the process of retaining a lawyer. During the hearing, the Plaintiff advised that he is illiterate and partially blind.[1] Taking the Plaintiff's condition into consideration, the Court entered an Interim Omnibus Order [29] providing that no action would take place in this case for thirty days pending further efforts by the Plaintiff to hire an attorney. On May 22, 2012, the Plaintiff filed a Notice of Change of Address, indicating that he is no longer incarcerated. Doc. [30]. A *sua sponte* review of the MDOC website reveals that the Plaintiff is currently on earned release supervision.

After one year passed with no communication from the Plaintiff, the Court entered an Order [32] requiring the Plaintiff to file a written response by June 7, 2013, indicating whether he had obtained counsel and/ or whether he intended to pursue this lawsuit. The Plaintiff failed to comply with the Order [32] or otherwise communicate with the Court. He has not made any further efforts to pursue this lawsuit.

Throughout the history of this case, the Plaintiff has been repeatedly warned that it is his responsibility to prosecute this case and that his failure to comply with any order of this Court may result in the dismissal of his case. Orders [5][6][8][19][22][26][29][32]. Despite these warnings, the Plaintiff has failed to actively pursue this lawsuit or otherwise show cause why it should not be dismissed. Therefore, this case is ripe for dismissal under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where the plaintiff had been warned that dismissal could result from his failure to comply with a court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

This case has remained dormant for over a year and Mr. Pratt has not shown any interest

---

[1]The Plaintiff claims that he is illiterate, cannot see out of his left eye, and suffers from glaucoma in his right eye.

in pursuing his claims. He failed to respond to the Court's most recent order directing him to state whether he intends to proceed with this case. Therefore, it appears that the Plaintiff has lost interest in this lawsuit and has abandoned it. Accordingly, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

Based on the Plaintiff's failure to actively prosecute this case, the undersigned recommends that this matter be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

SO ORDERED, this the 12th day of June 2013.

/s/MICHAEL T. PARKER
UNITED STATES MAGISTRATE JUDGE